GALLIPOLIS FURNITURE CO., v. W. W. SYMMES, ASSIGNEE, ET AL.

1. JUDGMENT NOTWITHSTANDING VERDICT.

In an action of replevin submitted to the jury on the petition and evidence of the plaintiff, without answer or evidence by defendant, a motion for judgment for the plaintiff notwithstanding the verdict, should be granted.

2. INTENTION OR EXPECTATION OF PAYING.

Where ·it appears that goods were obtained by false and fraudulent representations, it is immaterial whether the purchaser intended to or had reasonable· expectation of being able to pay for them.

8. TAKING NOTES WITHOUT KNOWLEDGE OF FRAUD.

Taking notes in settlement of an account after the latter becomes due does not. defeat the right to rescind the sale and replevin the goods on the ground that they were obtained upon false representations, where vendor, when the notes were taken, had no knowledge of the fact, and tendered the notes before bringing the replevin suit.

4. BELIEF IN TRUTH OF FALSE REPRESENTATIONS NO DEFENSE.

Representations by a purchaser that he was only indebted in the sum of $600· for goods in transit, and $900 on a mortgage on his residence, and that the residence was worth $2,600, when in fact, he was owing his wife $800 and the residence was worth only $1,500, are false and fraudulent; and such purchaser was bound to know the truth of such representations, and mere belief in. their truth will not excuse.

ERROR to the Court of Common Pleas of Hamilton county.

GIFFEN, J.

The action below was in replevin, being submitted to the jury on· the petition and evidence of the plaintiff, without any answer or evi-

Furniture Co. v. Symmes.

dence by the defendants, and resulting in a verdict for the defendants. The court erred in overruling a motion for judgment in favor of plaintiff notwithstanding the verdict.

The evidence shows that the plaintiff was induced to sell certain goods to Kellar, the assignor, by reason of representations of the latter that he was indebted only in the sum of $600 for goods in transit, and $900 on a mortgage on his residence, and that the residence was worth $2,600, whereas, in fact, he was owing his wife, and had been for thirteen years, the sum of $800, and the residence was worth only $1,500. He was bound to know the truth of such representations and mere belief in their truth will not excuse.

The verdict was manifestly against the weight of the evidence, and can only be explained on the theory that the jury were by the charge of the court led to believe that before they could find for the plaintiff it must appear from the evidence that the purchaser not only made false and fraudulent representations, but did not intend to pay or had no reasonable expectations of being able to pay. It was immaterial in this case whether he intended to pay or had reasonable expectations of being able to pay.

The exception to the charge of the court is too general, and cannot be considered, this case having been commenced prior to the amendment of sec. 5298, Rev. Stat., in April, 1898.

The notes taken in settlement of the accounts after the latter became due did not prevent a recovery by plaintiff, it then having no knowledge that the representations were false, and having tendered the notes before the action was commenced. This being so, there was no error in the court giving to the jury the two special charges at the request of the defendants.

Judgment reversed and cause remanded.

*Kelley & Hauck*, for plaintiff in error.

*W. W. Symmes*, contra.

---

## TAX SALES—CERTIFICATES—TENDER.